```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
VERTIV GROUP CORPORATION,                                        :
                                                                 :
                           Plaintiff,                            :
                                                                 :          24-cv-1345 (LJL)
        -v-                                                      :
                                                                 :              ORDER
CARLOS H RIVERA, KIM MOURINO, LYDIA                              :
LAFUENTE, AND BETH LAFUENTE as Trustee                           :
 of the Justin Louis Lafuente Supplemental Needs                 :
Trust #2                                                         :
                                                                 :
                           Defendants.                           :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2024

LEWIS J. LIMAN, United States District Judge:

On July 31, 2024, The Court held a hearing on the motion of Plaintiff Vertiv Group Corp. ("Plaintiff") for an order approving interpleader, ordering distribution of the 401(k)-account, discharging Plaintiff from liability, and dismissing Plaintiff with prejudice. Dkt. No. 28. The motion was unopposed. In response to the motion, pro se Defendant Kim Mourino (who is the only Defendant to have appeared) filed a response stating that "although Defendant Carlos H. Rivera and Defendant Lydia Lafuente have not responded to this action, they have communicated to me that they are willing to enter into an agreement to avoid further litigation (an agreement consistent with the final designation." Dkt. No. 31 at ECF pp. 2–3. At the conclusion of the hearing, the Court indicated that it was prepared to sign an order approving the interpleader, discharging Plaintiff from liability and dismissing Plaintiff with prejudice and directed Plaintiff to prepare a proposed order. The Court also indicated that it would set a deadline for Defendants to

appear and to submit a proposal for the distribution of the funds being held by Plaintiff and for Ms. Mourino to move for a default judgment against any Defendant who had not appeared.[1]

Plaintiff has submitted a proposed order approving interpleader. Dkt. No. 35. That order would discharge Plaintiff from liability and dismiss it from the case. However, it also would have Plaintiff retain the disputed funds in its custody because, given that this interpleader action concerns a 401(k)-account consisting of securities, Plaintiff maintains that it cannot simply deposit the account into the Court's registry. Dkt. No. 28 at 2.

The Court will hold a hearing on the motion for interpleader on September 11, 2024 at 11:00 AM to determine the distribution of the disputed funds. The hearing will be held remotely by telephone and the parties are directed to dial into the Court's teleconference line at 888-251-2909 and use access code 2123101. By September 4, 2024, Defendants shall submit a proposal for the distribution of the funds among all Defendants who have appeared in the case. (The Court will not order the distribution of funds to a person who has not appeared absent a showing by an appearing Defendant of a basis for such order.) At the hearing, the Court will also set a deadline for the filing of a default judgment against all Defendants who have not appeared. As the Court indicated at the July 31, 2024 hearing, it will be prepared to cancel the conference and to decide the distribution on the papers and set a deadline for the filing of a default judgment on the papers if all appearing Defendants have reached an agreement which has been presented to the Court regarding the distribution of the funds and there is no objection to that agreement.

The Court will hold the proposed order in abeyance pending a decision on the distribution of the funds. Although, as the Court previously indicated, the motion otherwise satisfies the

---

[1] At the hearing, Ms. Mourino represented to the Court that she had come to an agreement on distribution with Mr. Rivera and Lydia Lafuente, but that Beth Lafuente remained nonresponsive.

requirements for discharge from liability, the Court has become aware that the proposal that Plaintiff retain the funds without the posting of any bond may be inconsistent with the text of 28 U.S.C. § 1335 which permits interpleader jurisdiction "if [] the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or *has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper . . .*" (emphasis added); *see William Penn Life Ins. Co. of N.Y. v. Viscuso*, 569 F. Supp. 2d 355, 360 (S.D.N.Y. 2008); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 395 (S.D.N.Y. 2006) ("The deposit of such funds is a jurisdictional requirement.").

On July 24, 2024, Ms. Mourino filed a proposed clerk's certificate of default as to Defendant Beth Lafuente along with a declaration in support. Dkt. No. 33. The Clerk of Court is respectfully directed to enter the certificate of default as to Beth Lafuente.

SO ORDERED.

Dated: August 8, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge