USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
VERTIV GROUP CORPORATION,                                          :
:
Plaintiff,                                :
:     24-cv-1345 (LJL)
-v-                                    :
:     AMENDED
:     MEMORANDUM AND
CARLOS H RIVERA, KIM MOURINO, LYDIA                                :     ORDER
LAFUENTE, AND BETH LAFUENTE as Trustee                             :
of the Justin Louis Lafuente Supplemental Needs                    :
Trust #2                                                           :
:
Defendants.                               :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Vertiv Group Corp. ("Plaintiff") brings this interpleader action against Defendants Kim Mourino, Lydia Lafuente, and Beth Lafuente to resolve competing claims to certain pension benefits.

Before the Court is Plaintiff's motion for (1) approval of interpleader, (2) distribution of the 401(k) plan benefits, (3) an order discharging Plaintiff from liability, and (4) an order dismissing Plaintiff from this action with prejudice. Also before the Court is Ms. Mourino's motion for default judgment as to Beth LaFuente. For the following reasons, the Court grants both motions.

## BACKGROUND

The following facts are drawn from the complaint, Dkt. No. 1, and are undisputed.

Ricardo Lafuente, deceased, participated in the Vertiv Group Corporation Employee Retirement Savings Plan. and contributed to a 401(k) account held in his name. Dkt. No. 1 ¶ 8.

Mr. Lafuente passed away on September 28, 2023. *Id.* ¶ 10. The value of that account is at or near $800,000. *Id.* ¶ 8.

Originally, Mr. Lafuente designated the Justin Louis Lafuente Supplemental Trust # 2 as the 100% beneficiary to his 401(k) plan benefits. *Id.* ¶ 9. Beth Lafuente is the Trustee of the Justin Louis Lafuente Supplemental Needs Trust #2. *Id.* ¶ 5. Until 2014, Mr. Lafuente and Beth Lafuente were married. *Id.* ¶ 12.

Shortly before his death. Mr. Lafuente changed his beneficiary designation and named Mr. Rivera, Ms. Mourino and Lydia Lafuente as the beneficiaries of his 401(k) plan benefits. *Id.* ¶ 10. He allocated 34% to Mr. Rivera, 33% to Ms. Mourino, and 33% to Ms. Lafuente, respectively. *Id.*

Shortly after Mr. Lafuente's death, Plaintiff and its plan administrator, Vanguard, received a beneficiary designation change purportedly from Mr. Lafuente, which purported to change his beneficiary designation by making Ms. Mourino and Lydia Lafuente the sole beneficiaries of his 401(k) plan benefits. *Id.* ¶ 11. That final purported beneficiary change allocated 67% of the 401(k) plan benefits to Ms. Mourino and 33% to Lydia Lafuente.

On February 22, 2024, Plaintiff filed this action for interpleader pursuant to Fed. R. Civ. P. 22. Dkt. No. 1. On March 21, 2024, Beth Lafuente filed a letter requesting additional time to respond to the complaint and stated that she was proceeding "with the assistance of NYLAG," though no attorney made an appearance. Dkt. No. 13. The Court granted the extension. Dkt. No. 14. On April 19, 2024, Beth Lafuente filed a second letter requesting additional time to respond to the complaint. Dkt. No. 24. That letter stated that she was aware that "as Trustee of Justin Louis Lafuente Supplemental Needs Trust, [she] cannot proceed Pro Se to respond on behalf of the beneficiary's interest that is not her own" and stated that she "would appreciate the extra

2

time to consider the options for counsel in order to respond to the Complaint." *Id.*; *see also Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust."); *Advanced Mining Sys., Inc. v. Advanced Mining Sys.*, 1995 WL 92309, at *1 (S.D.N.Y. Mar. 7, 1995) ("Where an individual's position as a trustee casts him in a fiduciary role for others, he cannot as a non-attorney represent the trust."). The Court again granted the request and extended Beth Lafuente's response deadline to May 2, 2024. Dkt. No. 25. Beth Lafuente did not respond to the complaint or file any subsequent defense and no counsel has appeared on her behalf.

Ms. Mourino answered the complaint on April 17, 2024. Dkt. No. 22. Neither Mr. Rivera nor Lydia Lafuente have answered the complaint.

On June 18, 2024, Plaintiff filed a motion seeking: (1) approval of interpleader, (2) distribution of the 401(k) plan benefits, (3) an order discharging Plaintiff from liability, and (4) an order dismissing Plaintiff from this action with prejudice. Dkt. No. 26. Plaintiff filed a memorandum of law and a declaration in support of the motion. Dkt. Nos. 27–28. Plaintiff filed an amended motion on June 20, 2024. Dkt. No. 29. Ms. Mourino filed a response to Plaintiff's motion requesting in part that the Court default Beth Lafuente to "allow the remaining Defendants to come to an agreement and end any further litigation." Dkt. No. 31 at 3. The Court held a hearing on the motion for interpleader on July 31, 2024 at which Ms. Mourino and counsel for Plaintiff appeared but no other Defendant appeared.

On August 8, 2024, the Clerk of Court entered default against Beth Lafuente. Dkt. No. 37. On August 13, 2024, the Court ordered Ms. Mourino to move for default judgment and stated that Beth Lafuente may submit papers in opposition to the motion for default judgment no later than September 4, 2024. Dkt. No. 41. Ms. Mourino moved for default judgment as to Beth Lafuente

on August 22, 2024 and filed a memorandum of law and affirmation in support. Dkt. Nos. 42–44. Beth Lafuente did not respond to the motion for default judgment.

On August 10, 2024, the Court received a letter from Lydia Lafuente agreeing to a distribution of the 401(k) account wherein Lydia Lafuente would receive 48%, Ms. Mourino would receive 48%, and Mr. Rivera would receive the remaining 4%. Dkt. No. 39. On August 12, 2024, the Court received a letter from Ms. Mourino agreeing to that distribution. Dkt. No. 40. On September 16, 2024, the Court received a letter from Mr. Rivera also agreeing to that distribution. Dkt. No. 51.

## DISCUSSION

Federal Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). Where, as here, the clerk has entered default and the defendant has failed to file a timely answer to the complaint or otherwise defend, entry of default judgment is appropriate. *See id.* at 128–31. Ms. Mourino's unopposed motion for default judgment against Beth Lafuente is therefore granted.

Interpleader is an equitable device intended to protect a stakeholder such as Plaintiff from "double liability or vexatious, conflicting claims." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (citing *Was. Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)). It can also "be used to protect the claimants by bringing them together in one action and reaching an equitable division of a limited fund." 7 Moore's Federal Practice § 1702 (3d ed. 2024). "To be entitled to discharge in a Rule 22 interpleader, (1) the Court must have subject-matter jurisdiction over the action, and (2) the plaintiff must show that they 'may [be] expose[d] . . . to double or multiple liability,'" *Fujian Ocean Shipping Co. v. O.W. Bunker Far E. (S) PTE. LTD.*, 2022 WL 902668, at *13 (S.D.N.Y. Mar. 28, 2022) (quoting Fed. R. Civ. P. 22),

4

*aff'd sub nom. Glob. Energy Trading Pte Ltd. v. Fujian Ocean Shipping Co.*, 2023 WL 3011583 (2d Cir. Apr. 20, 2023).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction in the Rule 22 context requires that the plaintiff be of diverse citizenship to all defendants, and that the amount in controversy be greater than $75,000 but there need not be diversity between the claimants themselves." *Jackson Nat'l Life Ins. Co. v. Saccone*, 2024 WL 456825, at *2 (E.D.N.Y. Feb. 6, 2024) (citations omitted). Here, the parties satisfy that requirement because Plaintiff is a Delaware corporation with a principal place of business in Ohio while claimants are citizens of New Jersey and New York. Dkt. No. 1 ¶¶ 1–5. The value of the 401(k) plan at issue is greater than $75,000. *Id.* ¶ 8.

Plaintiff has also shown that it may be exposed to multiple liability due to Defendants' potential competing claims to the account. *See Jackson Nat'l Life*, 2024 WL 456825, at *4 ("Because Jackson risks being sued if it disburses the annuity contract proceeds to either Maria or Peter, it is exposed to 'double or multiple liability.'"); *Fujian Ocean Shipping*, 2022 WL 902668, at *14 ("Rule 22 only requires that a plaintiff 'may' be exposed to double or multiple liability; it does not require any competing claimant actually to file a claim." (citation omitted)).

The Court therefore grants Plaintiff's motion to approve the interpleader and orders distribution of the 401(k) plan benefits. Upon distribution of the 401(k) plan benefits to the Defendants in accordance with the non-defaulting Defendants' agreement, Plaintiff shall be discharged from liability and dismissed with prejudice from the action. *See Su v. Sotheby's, Inc.*,

2019 WL 13134640, at *1 (S.D.N.Y. July 2, 2019); *JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 266 (S.D.N.Y. 2024).

## CONCLUSION

For the foregoing reasons, the Ms. Mourino's motion for default judgment against Beth Lafuente is GRANTED. Dkt. No. 42. Plaintiff's motion for approval of interpleader and distribution of funds is GRANTED. Dkt. Nos. 26, 30. The distribution shall be as follows: 48% to Lydia Lafuente; 48% to Ms. Mourino; and 4% to Mr. Rivera. Upon distribution of the funds pursuant to Defendants' agreement, Plaintiff shall be discharged from liability and dismissed with prejudice from this action.

The conference scheduled for September 30, 2024 is adjourned.

SO ORDERED.

Dated: September 20, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge